## Peacock v. Danzis

Plaintiff has filed a petition requesting the administrator to rule that the law firm of Obermayer, Rebman, Maxwell and Hippel be disqualified from representing five physician-defendants in this consolidated case, on the grounds that a conflict of interest exists between these defendants. The five physician-defendants represented by the firm are Richard Vanderbeck, M.D., Robert Hale, M.D., Milton Horowitz, M.D., Leon Kaufman, M.D., and Paul Solnick, M.D. For the reasons given below, we deny plaintiff's petition.

Plaintiff cites various sections of the Code of Professional Responsibility to establish such a conflict of interest. In essence, plaintiff's counsel is concerned that an award to plaintiff against any one of

the five physician-defendants represented by Obermayer, Rebman, Maxwell, and Hippel may be challenged on the ground that defendant was not adequately informed as to the conflict or potential conflict of interest.

Counsel for the five physician-defendants filed an answer to the petition to disqualify, denying any conflict of interest. To the answer are attached affidavits from each of the five physician-defendants, stating that James Lewis Griffith, Esq., of Obermayer, Rebman, Maxwell and Hippel, had advised each that his law firm represented the four other physician-defendants in the litigation, and that each was informed as to plaintiff's claim and the positions of the five physician-defendants to each other. Each affiant swore that, based upon the above disclosure, each wished to be represented by the law firm of Obermayer, Rebman, Maxwell and Hippel.

Plaintiff's reply to defendants' answer avers that the above-mentioned affidavits do not state whether counsel had explained to each affiant that counsel was representing multiple parties. Further, plaintiff avers that the affidavits do not state whether the defense counsel's obligation and duty of undivided fidelity was explained to each affiant in the context of counsel's representation of multiple parties. Finally, plaintiff avers that the affidavits do not disclose an explanation of the differences or potential differences in the positions of the physician-defendants to each other.

Plaintiff contends, and defendants deny, that opposing counsel has the duty to raise the question of a potential conflict of interest when an attorney represents multiple parties. It is immaterial, however, whether plaintiff has standing to object to

such representation by James Lewis Griffith, Esq., in this case, since a tribunal may address itself to the question of whether attorneys practicing before it act in accordance with the Code of Professional Responsibility: American Dredging Co. v. Philadelphia, 480 Pa. 177, 389 A. 2d 568 (1978).

We find that the affidavits of the five physician-defendants satisfy the disclosure requirements of the Code of Professional Responsibility, D.R. 5-105(c) which provides that:

". . . a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation *after full disclosure of the possible effect of such representation* on the exercise of his independent professional judgment on behalf of each." (Emphasis added.)

As stated above, each affiant swore that the multiple representation of counsel was disclosed to him and that counsel had explained the inter-relationship of each physician-defendant's position as they might affect another. Thus, it appears from the affidavits that Attorney Griffith has fully explained to each physician-defendant the implications of common representation, as required by the Code of Professional Responsibility, Ethical Consideration 5-16.

Ethical Consideration 5-15 requires that a lawyer must weigh carefully the possiblity that his judgment may be impaired or his loyalty divided if he accepts or continues the employment. He should resolve all doubts against the propriety of the representation. It appears from the record that Attorney Griffith has complied with the above requirements. Further, it should be noted that it is the position of

each of the five physician-defendants that all had properly treated plaintiff's decedent and their interests were alike: defendant's answer to petition to disqualify, paragraph 9. Thus, in consideration of the five physician-defendants' affidavits each would be estopped from raising an objection to any award on the ground of inadequate representation.

Denial of plaintiff's petition would serve the purpose of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., hereinafter referred to as the act, which provides in section 102, 40 P.S. §1301.102:

"It is the purpose of this act . . . to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a *prompt determination and adjudication of his claim* . . ." (Emphasis added.)

To grant plaintiff's petition to disqualify would only invite further litigation or appeal, thus delaying further prosecution of plaintiff's claim.

Ethical Consideration 5-15 provides that "a lawyer should never represent in litigation multiple clients with differing interests; and there are few situations in which he would be justified in representing in litigation multiple clients with potentially differing interests." We believe that the present situation is one of those few situations because of the Health Care Arbitration Panel's procedure. Any party can obtain a trial de novo as a matter of right, on appeal to the appropriate court of common pleas: Act, §509, 40 P.S. §1301.509. Thus, even if an award to plaintiff were to be challenged as feared by plaintiff's counsel, plaintiff would lose nothing.

It is hoped that the disposition of this procedural matter will permit the prompt resolution of plaintiff's claim. Accordingly, we enter the following

## ORDER

And now, November 14, 1978, in consideration of plaintiff's petition to disqualify Obermayer, Rebman, Maxwell and Hippel as counsel, defendants' answer to petition to disqualify and memoranda in support thereof, it is hereby ordered and decreed that plaintiff's petition is denied.